# Lindberg, Appellant, *v.* National Tube Company.

*Negligence—Master and servant—Place of employment—Notice of danger— Contributory negligence—Nonsuit.*

In an action by a workman against his employer to recover damages for injuries sustained in a rolling-mill, a nonsuit is properly entered, where it appears that the injuries were caused by a defective crane, that the plaintiff had been working near the crane, although not at it, for over three months, that the defect in the crane was visible to every one, and must have been known to plaintiff, that the defendant was not notified of the danger, and that no person ever directed the plaintiff particularly to work in the position in which he was injured, knowing it to be a dangerous one.

Argued Nov. 2, 1905.   Appeal, No. 182, Oct. T., 1905, by plaintiff, from order of C. P. No. 3, Allegheny Co., Nov. T.,

1902, No. 669, refusing to take off nonsuit in case of Charles F. Lindberg v. National Tube Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

EVANS, J., filed the following opinion :

Plaintiff's evidence showed that he was in the employ of the defendent company as a rougher at the rolls. Near where the plaintiff worked was situated a hydraulic crane, which was used for lifting and moving the rolls when they were taken out for cleaning or repairs. A socket in which the upright of the crane revolved had become worn in such a way that when the boom approached the position where the plaintiff worked, the upright of the crane leaned in that direction, which caused the boom to move around automatically for nearly one-half of its circuit, and it would vibrate back and forward until it finally settled at the lowest point, or directly opposite the direction in which the upright, the mast, leaned. The crane had been in this condition for some three or four months, during which time, and long prior thereto, the plaintiff had worked in the immediate vicinity of the crane. The boom of the crane, in passing over the space through which it moved when moving automatically by reason of the defect causing the inclination of the mast, passed over the spot where the plaintiff worked, and at the time in question, loaded with a roll just taken from the mill, it struck the hand of the plaintiff which had hold of some instrument with which he was working, and crushed it. The plaintiff testified that he did not know of this defect in the crane, causing it to move through considerable space automatically in the neighborhood of where he worked. A motion for nonsuit was allowed on the ground of contributory negligence on the part of the plaintiff. As we said above, the plaintiff testified that he did not know of the existence of this defect in the crane ; but it was open and apparent to any person who opened his eyes, that that defect was there ; the crane was in regular use ; other work-

men called by the plaintiff saw this defect, saw that the crane moved without force being applied to it; and, assuming that the plaintiff did not know, as he testified that he did not know, he must have closed his eyes to what was apparent in the immediate vicinity of his work.  If he did not know it, he ought to have known it; because a workman may not shut his eyes to apparent danger and go on for months working in the vicinity of a dangerous machine which is liable at any time to pass over the spot where he is working and strike him, and yet hold his employer liable for any injury occasioned by such a danger.

The duty of the employer here was not to furnish safe tools with which to work, because the plaintiff was not injured in working with this crane, but it was to furnish a safe place in which to work; and with the slightest care upon plaintiff's part, he could have known for three months prior to the date of this accident that the position in which he was working was a dangerous one.   He closed his eyes to that fact.   There is no evidence that he or anybody else ever notified the employer of this danger, or that any person ever directed him particularly to work in that position, knowing it to be a dangerous one.

The motion to take off the nonsuit is refused.

*Error assigned* was refusal to take off nonsuit.

*Rody P. Marshall,* with him *Thomas M. Marshall,* for appellant.

*W. B. Rodgers,* with him *Thos. Ewing,* for appellee, was not heard.

PER CURIAM, January 2, 1906:
Judgment affirmed on the opinion of the court below.